IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CODY CAMERON,<br><br>　Plaintiff,<br><br>v.<br><br>DOLLAR TREE STORES, INC. and JOHN DOE EMPLOYEE and JOHN DOE MANAGER,<br><br>　Defendant. | Civil Action<br>File No.: |

## PETITION FOR REMOVAL

TO: The Honorable Judges of the United States District Court for the Northern District of Georgia, Atlanta Division:

COMES NOW, Dollar Tree Stores, Inc., by and through its undersigned counsel, hereby files their Petition for Removal and respectfully shows this Court the following:

1. A civil action has been filed and is now pending in the State Court of Gwinnett County, State of Georgia, designated as Civil Action File. No.: 21-C-08005-S5.

2. The Summons and Complaint in that action were filed in the State Court of Gwinnett County on November 9, 2021. Defendant was served on November 18, 2021. Thus, Dollar Tree timely files this Petition for Removal.

3. Defendants file herewith a copy of all process, pleading, and orders including the Summons and Complaint in this action, pursuant to 28 U.S.C. §1446. (Attached hereto as Exhibit "A").

4.	Defendant Dollar Tree is now, was at the commencement of this suit, and at all times since been a foreign corporation organized and existing under the laws of the Virginia, having its principal place of business in Virginia.

5.	Plaintiff is a citizen of Georgia. (Complaint, ¶1). Therefore, the action described above is a civil action with a claim of which this Court has original jurisdiction, and it is one that may be removed to this Court by Defendant pursuant to the provisions of 28 U. S. C. §§ 1332, 1367, and 1441 et seq., in that there is complete diversity among the parties and the Defendant is not a resident of the State of Georgia, the Parties are not residents of the same state, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

7.	Plaintiff has filed suit against Dollar Tree alleging negligence regarding Plaintiff's personal injury claiming damages for past and future medical expenses, past and future pain and suffering, and attorney's fees. (Complaint, ¶ 18). Specifically, Plaintiff claims Defendant deliberately and intentionally committed a violent physical injury upon the Plaintiff requiring punitive damages. (Complaint, ¶ 19).

In his settlement demand, Mr. Cameron provides more information on his claims in this case. He alleges that after the fall, he began experiencing undeniable pain and distress and he went to the hospital. The ER doctor diagnosed him with bilateral radiating pain into the left side, lumbar strain, and stabbing pain in his neck. He tried to treat with conservative treatments, but they didn't help. Mr. Cameron claims he received injections for the pain, and he claims that he had disc herniations at multiple levels. He ultimately had surgery on his back following the subject incident.

In his demand, he claims he incurred more than $53,000 in medical specials and that he has severe pain and suffering that is not reflected in his medical bills incurred. He further alleges these injuries are permanent. In sum, for his injuries, he submitted a settlement demand for $350,000.

In <u>Harris v. Bloomin' Brands, Inc.</u>, 1:18:-cv-05078-ELR (N.D. Ga. 2019), Judge Ross found that the amount in controversy exceeded the $75,000 jurisdictional minimum even though the plaintiff only alleged $10,985.75 in incurred medical expenses. There the plaintiff alleged she sustained serious injuries to her spine, back, neck, and left knee, and that she will require future medical treatments including injections and that she suffers a reduced earning capacity and permanent impairment.

Another recent case is the case of <u>Johnson v. Blackburn</u>, 2:16-CV-989-KOB, 2016 WL 5816114, at *2 (N.D. Ala. Oct. 5, 2016). There the plaintiff alleged he suffered severe injuries to his head, neck, and back. Based on the plaintiff's allegations, the District Court in Johnson found that using judicial experience and common sense, it could infer that the complaint meets federal jurisdictional requirements. Id.

Here, Plaintiff's claims for injury requiring surgery and punitive damages are similar to the recent cases, and it is clear that the jurisdictional minimum is met.

8. Defendant is not citizens of the State in which the State Court action is brought.

9. The aforementioned Georgia State Court action is a civil action of which this Court has original jurisdiction under the provisions of Title 28 of the United States Code §1332(a) and accordingly, is one which may be removed to this Court by Defendant pursuant to the provisions of Title 28 of the United States Code §1441, in that it is a civil

action in which the matter in controversy exceeds the sum of $75,000.00 exclusive of interests and costs and is between citizens of different states.

10. Defendant attaches a copy of Defendant's Notice of Removal that will be filed in the State Court of Gwinnett County, Georgia marked as Exhibit "B."

11. Defendant attaches a copy of the answers they filed in State Court, which are attached hereto as Exhibit "C".

This 16th day of December, 2021.

        Goodman McGuffey LLP
        Attorneys for Dollar Tree Stores, Inc.

By: */s/James T. Hankins, III*
    JAMES T. HANKINS, III
    GA State Bar No. 188771
    jhankins@GM-LLP.com
    3340 Peachtree Road NE, Suite 2100
    Atlanta, GA 30326-1084
    (404) 264-1500 Phone
    (404) 264-1737 Fax

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CODY CAMERON,<br><br>　　Plaintiff,<br><br>v.<br><br>DOLLAR TREE STORES, INC. and JOHN DOE EMPLOYEE and JOHN DOE MANAGER,<br><br>　　Defendant. | Civil Action<br>File No.:　　21-C-08005-S5 |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all counsel and parties of record with a copy of Petition for Removal by statutory electronic service pursuant to O.C.G.A. § 9-11-5(b) or by depositing a copy of same in the United States Mail, postage prepaid, as follows:

Aaron P. Marks, Esq.
Marks Law Group, LLC
125 Clairemont Avenue
Suite 470
Decatur, Georgia 30030
aaron@markslawgroup.com
*Attorney for Plaintiff*

This 16th day of December, 2021.

                                            */s/James T. Hankins, III*
JAMES T. HANKINS, III
GA State Bar No. 188771
jhankins@GM-LLP.com
Goodman McGuffey LLP
3340 Peachtree Road NE, Suite 2100
Atlanta, GA 30326-1084
(404) 264-1500 Phone
(404) 264-1737 Fax