# EXHIBIT "A"

Case 1:21-cv-05135-JPB   Document 1-1   Filed 12/16/21   Page 2 of 12

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-08005-S5**
**11/9/2021 3:25 PM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

**Cody Cameron**

PLAINTIFF

CIVIL ACTION NUMBER: **21-C-08005-S5**

VS.

**Dollar Tree Stores, Inc.**
**John Doe Employee**
**John Doe Manager**

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Aaron P. Marks
Marks Law Group
125 Clairemont Avenue
Suite 470
Decatur GA 30030

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of  9th day of November, 2021 , 20____.

Tiana P. Garner
Clerk of State Court

By   /s/ Jojie Moleta-Deloach
**Deputy Clerk**

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

Copy from re:SearchGA

Case 1:21-cv-05135-JPB   Document 1-1   Filed 12/16/21   Page 3 of 12

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-08005-S5**
**11/9/2021 9:34 AM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| **CODY CAMERON,**<br><br>   Plaintiff,<br><br>v.<br><br>**DOLLAR TREE STORES, INC. and JOHN DOE EMPLOYEE and JOHN DOE MANAGER,**<br><br>   **Defendants.** | **CIVIL ACTION FILE NO.: _____**<br><br>21-C-08005-S5 |

## COMPLAINT

COMES NOW Plaintiff, Cody Cameron, and files this Complaint for damages against Defendants as follows:

### PARTIES AND JURISDICTION

1.

Plaintiff Cody Cameron is currently a resident of Hall County, Georgia and is subject to the jurisdiction of this court.

2.

Defendant Dollar Tree Stores, Inc. (hereinafter "Defendant DOLLAR TREE"), is a Georgia Domestic Limited Liability Company doing business in Georgia. Defendant DOLLAR TREE may be served with a copy of the Summons and Complaint by serving its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

Copy from re:SearchGA

3.

Defendant John Doe Manager is as yet an unidentified manager, an assistant manager, or an employee of Dollar Tree, who will be served according to Georgia law upon their proper identification and location.

4.

Defendant John Doe Employee is as yet an unidentified manager, an assistant manager, or an employee of Dollar Tree, who will be served according to Georgia law upon their proper identification and location.

5.

Pursuant to provision O.C.G.A. §14-2-510(b)(4), jurisdiction and venue are proper as to Defendant Dollar Tree Stores, Inc..

## FACTS

6.

Plaintiff incorporates by reference paragraphs 1 through 5 of this Complaint as if fully set forth herein.

7.

On or about May 18, 2021, Mr. Cameron was a patron at Dollar Tree, located at 130 John W Morrow Jr Pkwy Ste L-1, Gainesville, GA 30501.

8.

At the time of the incident described herein, Mr. Cameron was an invitee of Dollar Tree Stores, Inc.

9.

Mr. Cameron was shopping in the Dollar Tree store.

Copy from re:SearchGA

10.

Unbeknownst to Mr. Cameron there was conditioner spilled on the floor.

11.

When Mr. Cameron was walking he slipped and fell on the conditioner, resulting in severe injuries.

**COUNT I – LIABILITY OF DEFENDANT UNDER THE DOCTRINE OF *RESPONDEAT SUPERIOR***

12.

Plaintiff incorporates by reference paragraphs 1 through 10 of this Complaint as if set forth fully herein.

13.

Defendant DOLLAR TREE owed a nondelegable duty of reasonable care in keeping the premises safe for invitees such Mr. Cameron.

14.

Defendant DOLLAR TREE was negligent in failing to adopt appropriate policies and procedures to make sure that the appropriate inspections, and maintenance were performed on the premises and in failing to train its employees concerning safety procedures for inspecting, and maintaining the premises.

15.

At all times relevant to this action, the individuals responsible for inspecting, cleaning and maintaining the area where Plaintiff fell were employed by Defendant DOLLAR TREE and were acting in the scope of their employment.

16.

Copy from re:SearchGA

Defendant DOLLAR TREE is responsible for the conduct of these individuals under the doctrine of *Respondeat Superior.*

## COUNT II - PUNITIVE DAMAGES AGAINST DEFENDANT

17.

Plaintiff re-alleges and incorporates by reference paragraphs 1 through 16 of this Complaint as if set forth fully herein.

18.

As a direct and proximate result of Defendant's above-mentioned intentional, willful, wanton and reckless conduct, Plaintiff has incurred medical bills for his care and treatment, suffered mental and emotional pain and suffering, endured physical pain and suffering and upon information and belief, will suffer and incur some or all of these damages in the future.

19.

The actions of the Defendant in deliberately and intentionally committing a violent physical injury upon the Plaintiff during the events described above authorize the imposition of punitive damages, pursuant to the provision of O.C.G.A. § 51-12-5.1, in that they show willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences.

20.

Plaintiff seeks to recover punitive damages pursuant to O.C.G.A. § 51-12-5.1 in such an amount as the jury determines to be just and appropriate to fully and completely deter Defendant from committing the tortuous acts and omissions complained of in this Complaint.

21.

Defendant willfully, wantonly, knowingly, and with specific intent to cause harm, as that

Copy from re:SearchGA

term is defined in the law, caused multiple injuries to Plaintiff and therefore there should be no cap or limitation on the amount of punitive damages awarded in this case.

## COUNT III – ATTORNEY FEES

22.

Plaintiff re-alleges and incorporates by reference paragraphs 1 through 21 of this Complaint as if set forth fully herein.

23.

Defendant's willful misconduct constitutes "bad faith" sufficient to award attorney's fees under O.C.G.A. § 13-6-11, and Plaintiff is entitled to recover from Defendant all expenses of litigation, including reasonable attorney's fees incurred in bringing this action.

24.

Defendant negligently failed to properly train and/or supervise employees and/or subordinates of Defendants DOLLAR TREE, to safely, properly and professionally execute their duties and obligations to Plaintiff.

25.

Defendant negligently retained employees when they knew or should have known that such employees were not qualified to perform their duties which caused or contributed to the incident at issue.

26.

Although the Defendant knew, or in the exercise of reasonable diligence should have known, of the risks of injuries to Plaintiff, they negligently failed to take reasonable precautions to guard against the dangerous behavior of Defendant's employees and failed to protect Plaintiff.

27.

Copy from re:SearchGA

- 6 - | P a g e

As a result of Defendant's negligence in training, supervising, and managing its employees, Plaintiff was injured on the premises.

## PRAYER FOR RELIEF

**WHEREFORE**, the Complaint of the Plaintiff having fully been set forth, Plaintiff respectfully prays as follows:

(a) That summons and complaint be served as provided by law;

(b) That Plaintiff has a trial by jury;

(c) That Plaintiff be awarded actual damages from DOLLAR TREE in an amount to be shown at trial;

(d) That Plaintiff be awarded general damages from Dollar Tree Stores, Inc. in accordance with the enlightened conscience of an impartial jury;

(e) That Plaintiff be awarded punitive damages;

(f) That Plaintiff be awarded interest and costs; and

(g) For such other and further relief as this Court deems just and proper.

Respectfully submitted, this 5th day of November 2021.

**MARKS LAW GROUP, LLC**

125 Clairemont Avenue
Suite 470
Decatur, Georgia 30030    */s/Aaron P. Marks*
Phone: (404) 939-1485    Aaron P. Marks
Fax: (404) 581-5902    Georgia Bar No. 558116
aaron@markslawgroup.com    *Attorney for Plaintiff*

- 6 - | P a g e

Copy from re:SearchGA

Case 1:21-cv-05135-JPB   Document 1-1   Filed 12/16/21   Page 9 of 12

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-08005-S5**
**11/9/2021 3:25 PM**
**TIANA P. GARNER, CLERK**

**General Civil and Domestic Relations Case Filing Information Form**

☐ Superior or ☒ State Court of  Gwinnett  County

**For Clerk Use Only**

Date Filed _____    Case Number  21-C-08005-S5
MM-DD-YYYY

| Plaintiff(s) | Defendant(s) |
|---|---|
| Cameron Cody | Dollar Tree Stores, Inc. |
| Last   First   Middle I.   Suffix   Prefix | Last   First   Middle I.   Suffix   Prefix |
|  | John Doe Employee |
| Last   First   Middle I.   Suffix   Prefix | Last   First   Middle I.   Suffix   Prefix |
|  | John Doe Manager |
| Last   First   Middle I.   Suffix   Prefix | Last   First   Middle I.   Suffix   Prefix |
|  |  |
| Last   First   Middle I.   Suffix   Prefix | Last   First   Middle I.   Suffix   Prefix |

**Plaintiff's Attorney**  Aaron P. Marks     **Bar Number**  558116     **Self-Represented** ☐

**Check One Case Type in One Box**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____    _____
Case Number                 Case Number

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

Version 1.1.18



AARON MARKS, ESQ.

150 E. PONCE DE LEON AVENUE
SUITE 200
DECATUR, GEORGIA 30030

**VIA Priority Mail**

August 19, 2021

Katherine Parise
Sedgwick Claims Management Services, Inc.
PO Box 14436
Lexington, KY 405124436

**Our Injured Client:** Cody Cameron
**At-Fault Party:** Dollar Tree Stores
**Claim No.:** 30217610601-0001
**Date of Incident:** May 18, 2021

## DEMAND FOR DAMAGES

Dear Madam Parise,

Cody Cameron, through his attorney at The Marks Law Group, hereby gives written notice to Sedgwick Claims as the liability insurance carrier for Dollar Tree Stores. It is expressly understood that any and all representations made herein are for the limited purpose of settlement discussions and in no way may be used in any legal proceeding regarding this matter.

## FACTS OF THE INCIDENT

On May 18, 2021, Cody Cameron was at your insured's 130 John W. Morrow Jr. Parkway, Ste. L-1, Gainesville, Georgia location. Mr. Cameron was violently fell on his tailbone after slipping in spilled conditioner on the floor. Mr. Cameron suffered severe injuries to his back, neck, legs, and knees.

But for the failure of Dollar Tree Stores to properly inspect and maintain their store, the injuries to Mr. Cameron, would not have occurred. In addition to being the "but-for" cause of Mr. Cameron's injuries, Dollar Tree Stores is clearly also the proximate legal cause of these injuries as it is foreseeable that Dollar Tree Stores lack of care and inspection of their store caused serious injuries. Therefore, your insured is fully liable for the damages that Mr. Cameron sustained.

## MEDICAL CONDITION

Immediately following the incident, Mr. Cameron began experiencing undeniable pain and distress and went to Northeast Georgia Medical Center. In the emergency room, Mr. Cameron was fully examined for injuries sustained in his fall. Mr. Cameron was diagnosed with bi-lateral back with radiating pain into the left side, lumbar strain, and stabbing pain in his neck.



AARON MARKS, ESQ.

**THE MARKS LAW GROUP, LLC**

150 E. PONCE DE LEON AVENUE
SUITE 200
DECATUR, GEORGIA 30030

Mr. Cameron tried conservative treatment methods without success. Mr. Cameron underwent nerve root block lumbar injections and was still in tremendous pain. Mr. Cameron's MRI revealed disc herniation at L1-L2 and L2-L3, disc bulges at L3-L4 and L4-5 and L5-S1.

On July 21, 2021, Mr. Cameron had to undergo surgery to repair the damage caused by the fall.

To date, Mr. Cameron's medical specials as related to the incident on May 18, 2021, are as follows:

| | |
|---|---|
| Northeast Georgia Medical Center | $6,832.00 |
| Longstreet Clinic | $46,376.33 |
| | |
| **Total Charges** | **$53,208.33** |

*The bills alone do not reflect the severity of immense pain and suffering inflicted upon Mr. Cameron caused by the incident on May 18, 2021. Through absolutely no fault of his own, Mr. Cameron was thrust into a world of pain and inconvenience. **That pain is something that he will forever have to endure, as part of incurring these permanent injuries**. Moreover, his lifestyle was greatly impacted because of pain and discomfort. This <u>must</u> be considered if settlement is to be viable.

### STATEMENT OF KNOWN LIENS AND SUBROGATION CLAIMS

Any right of subrogation will be taken care of by Cody Cameron. Our client has agreed to leave sufficient funds to settle all medical liens should they arise at a later time. Mr. Cameron will indemnify the insurance company and Dollar Tree Stores upon satisfaction of this action.

### STANDING TO RELEASE CLAIMS

Our client, Cody Cameron is the injured party, over the age of 18. No other person is a party to this settlement.

### LEGAL EVALUATION

**CAUSATION**

Based on Dollar Tree Stores' negligence, we know causation can be established to a jury. Dollar Tree Stores proximately caused the injuries and damages to Mr. Cameron which he had never experienced previously. See Glisson v. Freeman, 243 Ga.App. 92, 108 (2000) ("[W]hen an injury can be traced directly to a wrongful act, and but for such wrongful act it could not reasonably be supposed that the injury would have resulted, this essentially antecedent act may be said to be the proximate cause of the injury"). Parris v. Pledger Ins. Agency, 180 Ga.App. 437, 439(2) (1986). No records of any type indicate Cody Cameron was ever injured to this extent, previously.



AARON MARKS, ESQ.

**THE MARKS LAW GROUP, LLC**

150 E. PONCE DE LEON AVENUE
SUITE 200
DECATUR, GEORGIA 30030

On the day in question, Dollar Tree Stores owed certain civil duties to Cody Cameron and, notwithstanding those duties; Dollar Tree Stores did violate them in at least the following:

a. **Failing to properly inspect the store and make it safe for the public;**

b. In committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

## COMPENSABLE DAMAGES

It is well-settled that in cases where liability is clear, the injured party is entitled to recover all general and special damages that "flow" from the negligent act; including, but not limited to: the cost of medical services, compensation for past, present, and future pain and suffering, compensation for lost earnings, the impairment of earning capacity, the permanency of the injuries and disabilities, loss of consortium, and compensation for the loss of enjoyment of life. Pain and suffering is a legal item of damages measured by the enlightened conscience of fair and impartial jurors. In other words, the value of a person's pain and suffering is decided by a jury. Ray v. Stinson, et al., 172 Ga.App. 718 (1984); Redd, et al. v. Peters, 100 Ga.App. 316 (1959). Thus, pursuant to Georgia law, your insured is liable for all the above-stated injuries and special damages of Cody Cameron as a direct result of your own negligence.

The injuries, pain and suffering, and damages were the direct and proximate result of Dollar Tree Stores' negligence. As Dollar Tree Stores is an insured on your policy, your insured is fully liable for all injuries sustained by Cody Cameron as a result of Dollar Tree Stores' negligence. Though a jury may reach a much higher figure, **I would be willing to recommend that Mr. Cameron completely settle this matter for an amount totaling $350,000.00** We ask that you respond to this demand within 30 days from the receipt of this demand to reduce the need for litigation on this matter.

Sincerely,

Aaron P. Marks

Enclosures

11/5/2021 12:00:00 AM                    30217610601001                    6020211105011855